IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PAUL DAVID KENT, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | §   CIVIL ACTION NO. |
| | §   JURY DEMANDED |
| SOFTWARE ONE, INC. and | § |
| JACOB R. HAYS, individually, | § |
| | § |
| Defendants. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Paul David Kent files this Original Complaint against Defendants Software ONE, Inc. and Jacob R. Hays (collectively, the "Defendants") alleging wrongful discharge as a form of discrimination in violation of the Texas Commission on Human Rights Act, TEXAS LABOR CODE Ch. 21 (the "TCHRA"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (the "ADEA"), the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (the "FMLA"), and Section 510 of the Employee Retirement Income Security Act, 29 U.S.C. § 1140 ("ERISA"). Plaintiff requests equitable relief, damages, interest, and costs for Defendants' unlawful acts.

I.    PARTIES AND SERVICE

1.    Plaintiff Paul David Kent ("Plaintiff") is a resident of Tarrant County, Texas.

2.    Defendant Software ONE, Inc. ("SoftwareONE") is a Wisconsin corporation doing business nationwide with its principal place of business at 20875 Crossroads Circle, Suite 1, Waukesha, Wisconsin 53186. SoftwareONE engages in business in the State of Texas, but it has not designated an agent for service of process in this state. Federal Rule of Civil Procedure 4(e)(1) and 4(h)(1)(A) authorize service of process in any manner allowed by Texas law.

Pursuant to Texas Civil Practice & Remedies Code § 17.044, SoftwareONE can be served through the Texas Secretary of State at the following address: Service of Process, Secretary of State, James E, Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701.

3. Defendant Jacob R. Hays ("Hays") is an individual residing in Dallas County, Texas. He may be served at 9407 Estate Lane, Dallas, Texas 75238, or wherever he may be found.

## II.   JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this matter involves controversies arising under the laws of the United States, including the ADEA, FMLA, and ERISA. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Northern District of Texas, under 28 U.S.C. § 1391(b)(1) and (2) because Hays resides in this District and because a substantial part of the events or omissions forming the basis of the suit occurred in this District.

6. On July 6, 2020, Plaintiff timely dual-filed a Charge of Discrimination with the Texas Workforce Commission ("TWC") and the U.S. Equal Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of age. This lawsuit is being filed more than 180 days after Plaintiff's Charge was filed.

7. All administrative prerequisites have been met or have expired.

## III.   FACTUAL SUMMARY

8. Plaintiff, who is 57 years old, was hired by SoftwareOne on September 14, 2015, as an Account Manager. He worked from his home in Keller, Texas, with occasional travel to meet with clients in several locations throughout Texas and neighboring states.

9. In December 2015, Hays, who is in his early 40s, became Plaintiff's supervisor. Hays also works remotely for SoftwareONE from his home in Dallas, Texas.

10. SoftwareONE employs individuals in Texas, including Plaintiff and Hays, and it makes sales to numerous customers within Texas, including within this District. Some of these customers include Pei Wei, Oncor Electric Deliver Company, LLC, and CEC Entertainment, Inc., all of whom are headquarted in Dallas County, Texas.

11. Plaintiff's sales activities in Texas included trying to sell SoftwareONE's products to its existing client base, and recruiting new clients. His clients based in Texas included Pei Wei, Oncor Electric Deliver Company, LLC, and CEC Entertainment, Inc.

12. From 2015 to 2019, Plaintiff increased his gross profit sales by 40% each year.

13. From 2016 to 2019, Plaintiff observed Hays' clear preference for younger salespeople. On numerous occasions, Plaintiff was passed over for new accounts, including over the explicit objections of customers who specifically requested Plaintiff due to his far more years of experience.

14. In early November 2019, Hays informed Plaintiff that he had been put on a Performance Improvement Plan ("PIP") for allegedly failing to meet expectations in October 2019.

15. In truth and in fact, the PIP was issued for false reasons and was part of Hays' plan to eventually terminate Plaintiff as a pretext for terminating him because of his age.

16. On November 20, 2019, Plaintiff requested FMLA leave to undergo medically necessary treatment for a serious foot injury, including daily IV and hyperbaric treatments.

17. Plaintiff was approved for up to three months of FMLA leave, which began on December 1, 2019.

18. On December 3, 2019, SoftwareONE's third party administrator regarding FMLA leave, Lincoln Financial, confirmed that Plaintiff's medical leave was covered by the FMLA.

19. On January 14, 2020, Plaintiff returned to work.

20. On February 20, 2020, Plaintiff began experiencing symptoms which required further treatment and he resumed FMLA leave, returning on March 20, 2020.

21. While Plaintiff was on both rounds of FMLA leave, his sales prospects were reassigned to other employees, meaning that upon his return, he would have to rebuild his sales pipeline in order to return to his normal sales levels.

22. One week after Plaintiff returned from FMLA leave, Hays informed Plaintiff that the PIP was re-instated. The PIP was not adjusted, however, in any way to account for Plaintiff's leave, after which he would need to rebuild his entire sales pipeline. The PIP also did not account for impact from the COVID-19 pandemic, which resulted in decreased sales for all employees at SoftwareONE.

23. In short, while discriminatory in the first place, because the PIP was not adjusted due to the effects of Plaintiff's FMLA leave on his pipeline, and the company-wide downturn in sales due to the COVID-19 pandemic, the PIP became impossible to satisfy.

24. On April 23, 2020, Hays informed Plaintiff via email that Plaintiff's employment was being terminated effective May 1, 2020, allegedly due to underperformance under the standards of the PIP.

25. While Plaintiff was offered a severance agreement in exchange for releasing any potential claims against SoftwareONE and its employees, Hays threatened to rescind the severance offered if Plaintiff did not sign the severance agreement by May 7, 2020, prior to the expiration of 21 days after it was provided to Plaintiff.

26. Defendants' reasons for terminating Plaintiff's employment were mere pretext for terminating him in violation of TCHRA, ADEA, FMLA, and ERISA.

27. All conditions precedent have been performed or have occurred.

## IV.   CAUSES OF ACTION

**COUNT ONE:   DISCRIMINATORY DISCHARGE IN VIOLATION OF THE ADEA AGAINST DEFENDANT SOFTWAREONE**

28. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

29. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 ("ADEA").

30. At all times relevant, SoftwareONE was an "employer" as defined by the ADEA. SoftwareONE employed 20 or more employees for each working day in each of 20 or more calendar weeks in the current and preceding years.

31. When Plaintiff worked for SoftwareONE, he was an "employee" as defined by the ADEA.

32. Plaintiff's discharge was because of his age in violation of the ADEA.

33. SoftwareONE acted willfully in terminating Plaintiff's employment in violation of the ADEA.

34. As a direct and proximate consequence of SoftwareONE's violation, Plaintiff has suffered damages.

35. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

36. Plaintiff seeks damages, statutory liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT TWO:     DISCRIMINATORY DISCHARGE IN VIOLATION OF THE TCHRA AGAINST DEFENDANT SOFTWAREONE**

37. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

38. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Texas Commission on Human Rights Act, TEXAS LABOR CODE Ch. 21 (the "TCHRA").

39. At all times relevant, SoftwareONE was an "employer" as defined by the TCHRA. SoftwareONE employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current and preceding years.

40. When Plaintiff worked for SoftwareONE, he was an "employee" as defined by the TCHRA.

41. Plaintiff's termination was on the basis of his age in violation of the TCHRA.

42. Plaintiff's termination was malicious or made with reckless indifference to his state-protected rights.

43. As a direct and proximate consequence of SoftwareONE's violation, Plaintiff has suffered damages.

44. Plaintiff's damages include lost wages, past and future mental anguish, inconvenience, and loss of enjoyment of life.

45. Plaintiff seeks equitable relief, compensatory and exemplary damages, pre- and post-judgment interest, attorneys' fees, and costs.

**COUNT THREE:   VIOLATION OF THE FMLA AGAINST DEFENDANTS SOFTWAREONE AND HAYS**

46. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

47. At all times relevant, SoftwareOne was an "employer" of Plaintiff as defined by the FMLA.

48. When Plaintiff worked for Defendant, he was an "eligible employee" as defined by the FMLA because Plaintiff was employed by SoftwareONE for over twelve months, he worked at least 1,250 hours over the twelve-month period preceding his termination, and SoftwareONE employed 50 or more employees at or within 75 miles of its headquarters in Waukesha, Wisconsin, where Plaintiff's work was assigned and to which he reported.

49. At all times relevant, Hays had the authority to fire Plaintiff, and Hays supervised and controlled the conditions of Plaintiff's employment with SoftwareONE, including with respect to take leave protected by the FMLA. Hays therefore acted directly and indirectly in the interest of SoftwareONE with respect to Plaintiff's employment, and thus Hays, individually, was an "employer" with respect to Plaintiff pursuant to § 2611(4)(A)(ii)(I).

50. Four weeks after returning to work from leave protected by the FMLA, Plaintiff was informed by Hays that SoftwareONE was terminating Plaintiff's employment.

51. Defendants' actions were in order to interfere with, restrain, or deny the exercise or the attempt to exercise Plaintiff's rights under the FMLA, and/or to retaliate against Plaintiff for exercising his rights under the FMLA.

52. As a direct and proximate consequence of Defendants' violation, Plaintiff has suffered damages.

53. Plaintiff's damages include lost wages, salary, employment benefits, and other compensation.

54. Plaintiff seeks damages, liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), pre- and post-judgment interest, such equitable relief as may be appropriate, attorneys' fees, expert witness fees, if any, and costs of court.

**COUNT FOUR:** **VIOLATION OF SECTION 510 OF ERISA AGAINST DEFENDANTS SOFTWAREONE AND HAYS**

55. Plaintiff re-alleges the foregoing allegations as if fully set forth herein.

56. Plaintiff was covered by an employee benefit plan, as defined by ERISA, by being a participant or beneficiary in the health insurance policy established or maintained by SoftwareONE for the purpose of providing health insurance and health care benefits for its employees. *See* 29 U.S.C. § 1002(1), (3).

57. Hays is a high ranking executive at SoftwareONE, and is involved in budgeting for the company, which would include the effect that employees' health care costs have on SoftwareONE's profits.

58. On information and belief, Hays' compensation includes items that are affected by SoftwareONE's profits. He therefore is incentivized to reduce costs by eliminating employees whose use of health insurance benefits increase costs for SoftwareONE.

59. In terminating Plaintiff's employment, Defendants violated Section 510 of ERISA, 29 U.S.C. § 1140, which provides that it is "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan [or] this subchapter. . . , or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan [or] this subchapter . . . ."

60. The violation of Section 510 of ERISA, 29 U.S.C. § 1140, occurred through Defendants interfering with Plaintiff's rights under ERISA, or through Defendants retaliating against Plaintiff for exercising his rights under ERISA.

61. Plaintiff is accordingly entitled to be reinstated to his employment with SoftwareONE and to recover from Defendants the amount of back pay, interest on back pay, front pay, attorney's fees, prejudgment interest, and costs of court.

## V.  JURY DEMAND

62. Plaintiff demands a jury trial and has tendered the appropriate fee.

## VI.  PRAYER

WHEREFORE, Plaintiff respectfully requests that the Court:

A.  Issue summons for Defendants to appear and answer;

B.  Award to Plaintiff a judgment against Defendants for:

1. Actual damages;

2. Past and future lost wages and benefits;

3. Equitable relief;

4. Damages for emotional distress and mental anguish;

5. Compensatory, liquidated, and exemplary damages in the maximum amount allowed by law;

6. Pre- and post-judgment interest;

7. Expert witness fees, if any;

8. Attorneys' fees; and

9. Other costs of court.

Plaintiff further requests such other relief to which he is entitled in law or in equity.

Respectfully Submitted,

*/s/ Jennifer J. Spencer*
Jennifer J. Spencer
Texas Bar No. 10474900
jspencer@jacksonspencerlaw.com
James E. Hunnicutt
Texas Bar No. 24054252
jhunnicutt@jacksonspencerlaw.com
JACKSON SPENCER LAW PLLC
Three Forest Plaza
12221 Merit Drive, Suite 160
Dallas, Texas 75251
(972) 458-5301 (Telephone)
(972) 770-2156 (Fax)

**ATTORNEYS FOR PLAINTIFF
PAUL DAVID KENT**